a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER MOORE #68777-053, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05672 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| C JOHNSON ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court are two Motions for Preliminary Injunction filed by pro se Plaintiff Christopher Moore ("Moore"). ECF Nos. 3, 7. Moore is imprisoned at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"). He alleges that USP-Pollock has been on extended or modified lockdown since May 2022 in violation of his and other prisoners' constitutional rights. Moore seeks injunctive relief under 28 U.S.C. § 1331.

Because Moore fails to establish entitlement to preliminary injunctive relief, his Motions (ECF Nos. 3, 7) should be DENIED.

I. Background

Moore alleges that on May 24, 2022, USP-Pollock was placed on lockdown status because of "the assault and maiming of multiple inmates in a singular incident." ECF No. 7 at 3. The prison remained on a 24-hour lockdown for six weeks. *Id.* On July 8, 2022, the prison transitioned to a "modified lockdown," where inmates were released from their cells, eight cells at a time, for one to one and a half hours

1

every other day. *Id.* Inmates were allowed to place phone calls, take an unescorted shower, and use email during their designate time. *Id.* at 4.

However, on July 11, 2022, while on modified lockdown status, USP-Pollock experienced another "act of violence" where an inmate was killed. ECF No. 7 at 4. The prison was placed back on full lockdown for two weeks. *Id.*

Moore states that USP-Pollock resumed modified operations for a brief time. But on July 30, 2022, another inmate was killed, and the prison returned to a full lockdown status. ECF No. 7 at 4.

Moore complains that "no inmate has been allowed outdoor recreation, sunlight, access to the law library, medial care, or sufficient hygiene products" while the prison is on lockdown. ECF No. 5 at 3. He alleges that the entire general population should not be punished for the violent acts of a small number of offenders. ECF No. 7 at 8.

Moore asserts that he faces a "continued risk of sustaining permanent health and psychological damage" from extended lockdowns at USP-Pollock. He asks that the Court intervene through the issuance of preliminary and permanent injunctions.

II. Law and Analysis

"Section 1331 provides jurisdiction for the exercise of the traditional powers of equity in actions arising under federal law. No more specific statutory basis is required." *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1232 (10th Cir. 2005); *see also Bell v. Hood*, 327 U.S. 678, 684 (1946) (recognizing the

2

"jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution").

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the moving party must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the responding party; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000); *see also* Fed. R. Civ. P. 65. If the party seeking an injunction fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (internal quotation marks omitted).

A federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operations. 18 U.S.C. § 3626(a)(2). Moore complains that USP-Pollock is on lockdown in response to multiple inmate assaults and deaths. Considering these incidents, Moore has not established that a preliminary injunction would not disserve the public interest. As Moore states, more violence and deaths occurred when the lockdowns were lifted or modified.

Additionally, Moore has not established that he suffers a substantial threat of irreparable injury if a preliminary injunction is not issued. For example, he makes a general statement that all inmates are being denied adequate medical care during the lockdown, but has not alleged that he personally suffers from a serious medical need for which care is being denied. "To the extent that Plaintiff seeks injunctive relief for anyone other than himself, the request fails to state a claim upon which relief may be granted." *Holmes v. Owens*, No. 3:10-CV-1828-N-BH, 2010 WL 5184251, at *3 (N.D. Tex. 2010), *report and recommendation adopted,* 2010 WL 5110099 (N.D. Tex. 2010). Generally, "a plaintiff may not bring an action on behalf of another, but only for deprivations that he himself has suffered." *Keller v. Daniels*, 1:18-CV-0093, 2019 WL 1560496, at *6 (N.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 1557168 (N.D. Tex. 2019) (citing *Beavers v. Brown*, 3:13-CV-1395, 2013 WL 6231542, at *8 n.7 (N.D. Tex. 2013); *Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)).

A preliminary injunction should be granted only if the movant has clearly carried the burden of persuasion on all four factors. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985); *Jones v. Soles*, 3:00-CV-1237, 2001 WL 34316329 (N.D. Tex. 2001). Moore has not.

III. Conclusion

Because Moore fails to meet the requirements for preliminary injunctive relief, IT IS RECOMMENDED that his Motions for Preliminary Injunction (ECF Nos. 3, 7) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, November 29, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE