a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER MOORE #68777-053,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-05672<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| C JOHNSON ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Complaint (ECF No. 5) filed by pro se Plaintiff Christopher Moore ("Moore"). Moore is imprisoned at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"). He alleges that USP-Pollock has been on an extended lockdown since May 2022 in violation of his and other prisoners' constitutional rights. Moore seeks injunctive relief.

To determine the appropriate course of action, the Complaint will be **SERVED**.

I. Background

Moore alleges that on May 24, 2022, USP-Pollock was placed on lockdown status because of "the assault and maiming of multiple inmates in a singular incident." ECF No. 7 at 3. The prison remained on a 24-hour lockdown for six weeks. *Id.* On July 8, 2022, the prison transitioned to a "modified lockdown," where inmates were released from their cells, eight cells at a time, for 60-90 minutes every other day. *Id.* Inmates were allowed to place phone calls, take an unescorted shower, and use email during their designated time. *Id.* at 4.

1

However, on July 11, 2022, while on modified lockdown status, USP-Pollock experienced another "act of violence" where an inmate was killed. ECF No. 7 at 4. The prison was placed back on full lockdown for two weeks. *Id.*

Moore asserts that USP-Pollock resumed modified operations for a brief time. But on July 30, 2022, another inmate was killed. The prison returned to a full lockdown status, where it has remained since. ECF No. 7 at 4.

Moore complains that "no inmate has been allowed outdoor recreation, sunlight, access to the law library, medical care, or sufficient hygiene products" while the prison is on lockdown. ECF No. 5 at 3.

In a recent filing, Moore claims that USP-P is on lockdown more than 200 days per year. ECF No. 16 at 4.

Moore asserts that he faces a "continued risk of sustaining permanent health and psychological damage" from extended lockdowns at USP-Pollock. He asks that the Court intervene through the issuance of preliminary and permanent injunctions. The Court has denied Moore's request for a preliminary injunction. ECF No. 17.

## II. Law and Analysis

Moore seeks only injunctive relief. Therefore, he does not state a viable claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which permits an award of monetary damages from defendants in their individual capacities. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("For people in Bivens'[s] shoes, it is damages or nothing.").

However, individuals have "a right to sue directly under the [C]onstitution to enjoin . . . federal officials from violating [their] constitutional rights." *Porter v. Califano*, 592 F.2d 770, 781 (5th Cir. 1979); *see also Unimex, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 594 F.2d 1060, 1061-62 (5th Cir. 1979) (per curiam); *Rhode Island Dep't of Envtl. Mgmt. v. United States*, 304 F.3d 31, 41 (1st Cir. 2002) ("[O]ur courts have long recognized that federal officers may be sued in their official capacity for prospective injunctive relief to prevent ongoing or future infringements of federal rights."); Erwin Chemerinsky, *Federal Jurisdiction* § 9.2.2, at 676 (7th ed. 2016) ("[U]nconstitutional government actions can be halted by seeking an injunction against the individual officer responsible for executing the government's policy.").

To determine an appropriate future course of action, **THE CLERK IS DIRECTED** to prepare:

- one (1) copy of this Memorandum Order;
- one (1) copy of the Complaint (ECF No. 5 );
- one (1) AO 398 Form (**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS**); and,
- one (1) AO 399 Form (**WAIVER OF THE SERVICE OF SUMMONS**)

for each Defendant. After the foregoing documents have been prepared:

**THE CLERK IS DIRECTED** to serve a copy of the Complaint (ECF No. 5), AO 398 Form (**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS**), the AO 399 Form (**WAIVER OF THE SERVICE OF SUMMONS**) and this Memorandum Order on Defendants by **FIRST CLASS U.S. MAIL** addressed:

3

**ATTENTION:
LEGAL ASSISTANT
USP POLLOCK
UNITED STATES PENITENTIARY
POST OFFICE BOX 1000
POLLOCK, LA 71467**

**IT IS ORDERED THAT** Defendants return the signed AO 399 **WAIVER OF THE SERVICE OF SUMMONS** forms within thirty (30) days of the date indicated on the AO 398 **NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS** form to the Clerk of Court, 515 Murray Street, Alexandria, Louisiana 71301.

**THE CLERK IS FURTHER DIRECTED** to prepare Summons for the Attorney General of the United States and the United States Attorney for the Western District of Louisiana, and:

a. to serve said summons, along with a copy of the Complaint (without exhibits) and this Memorandum Order on the **ATTORNEY GENERAL OF THE UNITED STATES** in Washington, D.C., via **CERTIFIED MAIL** as provided by Rule 4(i) of the Federal Rules of Civil Procedure;

b. to serve said summons, along with a copy of the Complaint (without exhibits) and this Memorandum Order on the **UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT OF LOUISIANA** via **FIRST CLASS UNITED STATES MAIL** as provided by Rule 4(i) of the Federal Rules of Civil Procedure and previous agreements entered into between the United States Attorney and the Court.

**IT IS ORDERED** that Defendants file: (1) an answer; or (2) a motion to dismiss **without attached evidence** within sixty (60) days after the date that the waiver of service is executed, or sixty (60) days after service on the United States Attorney,

whichever is later. If a motion to dismiss is filed, the government may seek a stay of discovery or protective order if it believes that discovery will not assist the court in resolving the motion (e.g. question of jurisdiction or absolute immunity or purely legal issue).

After responsive pleadings are filed, an additional sixty (60) day period is allowed for all parties to complete all appropriate discovery. **Plaintiff** shall advise the court within 21 days of the government's filing of its answer or motion to dismiss if it does not wish to engage in discovery.

**After** the sixty (60) day period for discovery, and if deemed appropriate, Plaintiff or Defendant may file a motion for summary judgment within thirty (30) days, to include material and relevant affidavits, certified records, interrogatories and answers, admissions and depositions, if any, and a supporting memorandum brief. *If, in violation of this Order, a motion for summary judgment or alternative motion for summary judgment is filed before an answer is filed or before the time for discovery has elapsed, the motion for summary judgment will be summarily denied or stricken as in violation of this Order, and sanctions may be imposed.*

Any party not filing a motion for summary judgment **SHALL FILE** a "Statement of Issues" within the same time, which shall enumerate each genuine issue of material fact perceived by that party as relevant to this matter, or state that there are none. This statement will be used by the court to determine the necessity for an evidentiary hearing.

All documentary exhibits accompanying the motion, including medical records, **MUST BE APPROPRIATELY BOUND AND THE PAGES MUST BE NUMBERED**. An **index** shall be attached, describing each item and showing each item's page number.

Additionally, within twenty-one (21) days of Defendants' first appearance (filing of an answer or motion), Defendant s̲hall provide to Plaintiff all medical records, warden's unusual occurrence reports, and any other documents *if pertinent to the issues in this case*, including records from any outside treatment provider. See Fed. R. Civ. P. 26(a)(1). Defendants shall contemporaneously file an indexed copy of these documents under seal with the Court, together with a Notice of Compliance attesting to the fact that the requirements of this Order have been met.

If Plaintiff is not in receipt of these documents within the prescribed period, Plaintiff may file with the Court a motion to compel such responses from Defendants. Any such motion must contain a motion and memorandum in support and a proposed order, separately captioned and with a certificate of service stating that "a copy has been sent to Defendants by mailing same, via United States mail, to Defendants' counsel."

Any physician, medical facility, or other health care provider that has examined or administered treatment of any kind to Plaintiff relative to the complaint alleged is **ORDERED** to release to any party herein, pursuant to any request of that party, and at that party's expense, all medical records that it may possess.

**IT IS FURTHER ORDERED** that, as a condition to their acceptance by the Clerk, all future filings by Plaintiff or Defendants shall include a certificate indicating that a copy thereof has been furnished to the other parties, specifically stating the name and address of each party (or his attorney) to whom a copy of the pleading was sent.

A paper copy of any appeal or objections filed in this case SHALL be provided to the district judge (in addition to filing in CM/ECF).

SIGNED on Tuesday, April 4, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE