a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER MOORE #68777-053, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05672 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| C JOHNSON ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court the Government's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 29). The Motion seeks dismissal of a Petition for Injunctive Relief filed by pro se Plaintiff Christopher Moore ("Moore"). Moore is imprisoned at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"). He alleges that USP-Pollock has been on an extended lockdown since May 2022 in violation of his constitutional rights.

Because Moore has failed to exhaust administrative remedies, the Motion (ECF No. 29) should be GRANTED IN PART, and the Complaint (ECF Nos. 1, 5) should be DISMISSED WITHOUT PREJUDICE.

## I. Background

Moore alleges that on May 24, 2022, USP-Pollock was placed on lockdown status because of "the assault and maiming of multiple inmates in a singular incident." ECF No. 7 at 3. He asserts that the prison remained on a 24-hour lockdown for six weeks. *Id.* On July 8, 2022, the prison reportedly transitioned to a "modified

1

lockdown," where inmates were released from their cells, eight cells at a time, for 60-90 minutes every other day.  *Id.*  Inmates were allowed to place phone calls, take an unescorted shower, and use email during their designated time.  *Id.* at 4.

However, on July 11, 2022, while on modified lockdown status, USP-Pollock experienced another "act of violence" where an inmate was killed.  ECF No. 7 at 4.  Moore claims that the prison was placed back on full lockdown for two weeks.  *Id.*

Moore asserts that USP-Pollock resumed modified operations for a brief time.  But on July 30, 2022, another inmate was killed.  The prison returned to a full lockdown status, where it has remained since.  ECF No. 7 at 4.

Moore complains that "no inmate has been allowed outdoor recreation, sunlight, access to the law library, medical care, or sufficient hygiene products" while the prison is on lockdown.  ECF No. 5 at 3.

In a recent filing, Moore claims that USP-P is on lockdown more than 200 days per year.  ECF No. 16 at 4.  Moore asserts that he faces a "continued risk of sustaining permanent health and psychological damage" from extended lockdowns at USP-Pollock.  He asks that the Court intervene through the issuance of preliminary and permanent injunctions.
The Court has denied Moore's request for a preliminary injunction.  ECF No. 17.

The Government filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF No. 29.

## II. Law and Analysis

### A. The Motion to Dismiss under Rule 12(b)(1) should be denied.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012).

However, as this Court previously stated:

> [I[ndividuals have "a right to sue directly under the [C]onstitution to enjoin . . . federal officials from violating [their] constitutional rights." *Porter v. Califano*, 592 F.2d 770, 781 (5th Cir. 1979); *see also Unimex, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 594 F.2d 1060, 1061-62 (5th Cir. 1979) (per curiam); *Rhode Island Dep't of Envtl. Mgmt. v. United States*, 304 F.3d 31, 41 (1st Cir. 2002) ("[O]ur courts have long recognized that federal officers may be sued in their official capacity for prospective injunctive relief to prevent ongoing or future infringements of federal rights."); Erwin Chemerinsky, *Federal Jurisdiction* § 9.2.2, at 676 (7th ed. 2016) ("[U]nconstitutional government actions can be halted by seeking an injunction against the individual officer responsible for executing the government's policy.").

ECF No. 18. Additionally, although Moore has failed to properly exhaust his administrative remedies, as discussed below, a failure to exhaust under the Prison Litigation Reform Act ("PLRA") does not deprive a court of jurisdiction. *See Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010). Thus, the Court has subject matter jurisdiction over Moore's Complaint.

B. <u>The Motion to Dismiss under Rule 12(b)(6) should be granted for failure to exhaust.</u>

Section 1997e(a) of the PLRA requires a prisoner to exhaust administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007). The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002). A prisoner must complete the administrative review process in accordance with all procedural rules as a precondition to filing suit in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 83 (2006). The United States Court of Appeals for the Fifth Circuit takes a "strict approach" to § 1997e's exhaustion requirement. *See Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022) (quoting *Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015) and *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010)).

Because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones*, 549 U.S. 215. Still, a court may dismiss a complaint for failure to exhaust if "the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). On the other hand, a court may not " sidestep *Jones*" by requiring prisoners to affirmatively plead exhaustion in a form complaint. *Khalil v. Dep't of Corr.*, 23-30026, 2023 WL 4401116, at *1 (5th Cir. July 7, 2023) (per curiam) (citing *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)).

Moore filed a handwritten "Complaint" that was deemed deficient by the Clerk of Court. ECF No. 1. He was instructed to resubmit the Complaint on a court-

4

approved form, which asks whether a plaintiff sought resolution through the administrative grievance process. ECF No. 5. In both his deficient and form Complaints, Moore admits that he did not fully exhaust the BOP's administrative remedies. ECF Nos. 1, 5. Additionally, in the deficient Complaint, Moore asserts he is entitled to an "emergency injunction" because the BOP failed to respond to his BP-8 and BP-9 forms.[1] ECF No. 1 at 7 (citing *Fletcher v. Menard Correctional Center*, 623 F.3d 1171 (7th Cir. 2010)).

Because Moore was required to fill out a form Complaint that asked whether he exhausted, the Court cannot "sidestep *Jones*" by relying on Moore's admission on that form. *Khalil*, 2023 WL 4401116 at *1. However, prior to the form Complaint, Moore affirmatively stated that he only completed the first two steps of the administrative remedy process. ECF No. 1 at 7. Thus, the Court may rely on Moore's prior admission that he failed to exhaust.

Although Moore seeks an "emergency injunction" excusing his failure to exhaust, neither *Fletcher* nor any other case within the Fifth Circuit provides for an exception to the exhaustion requirement. *See Fletcher,* 623 F.3d at 1173; *Calderon v. Hutto*, 22-20582, 2023 WL 4704116, at *1 (5th Cir. July 24, 2023) (per curiam).

---

[1] The Bureau of Prisons ("BOP") offers a four-step grievance procedure: (1) informal resolution of the issue with prison staff, submitted on form BP-8; (2) a formal administrative remedy request to the Warden, submitted on form BP-9; (3) an appeal to the Regional Director, submitted on form BP-10; and (4) a national appeal to the Office of General Counsel in Washington, D.C., submitted on form BP-11. *See* 28 C.F.R. §§ 542.13–15.

5

Therefore, the Government's Motion should be granted under 12(b)(6) for lack of exhaustion, and the Complaint dismissed without prejudice.[2]

## III. Conclusion

Because Moore failed to exhaust administrative remedies prior to filing suit, IT IS RECOMMENDED that the Government's Motion (ECF No. 29) be GRANTED under Rule 12(b)(6), DENIED in other respects, and the Complaint (ECF Nos. 1, 5) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

---

[2] As noted by the Eastern District of Texas, dismissals under Rule 12(b)(6) are generally on the merits and with prejudice. *See Thomas v. Esper*, 5:18-CV-110, 2019 WL 3017418, at *1, n.1 (E.D. Tex. July 10, 2019) (citing *Csorba v. Varo, Inc.*, 58 F.3d 636, 636 (5th Cir. 1995) (per curiam); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). However, "'[w]hen a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies.'" *Id.* (quoting *King v. Life Sch.*, 809 F. Supp. 2d 572, 582 (N.D. Tex. 2011) (citing *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) and *Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1035, 1037 (5th Cir. 1986))).

SIGNED on Friday, March 8, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

7